# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> IREGOUS PARKS, <br><br> Defendant. | No. 06mj61 <br><br> ORDER |

_____

This matter comes before the court pursuant to the government's motion for detention made at the defendant's initial appearance before a judicial officer. The court held an evidentiary hearing on this motion on February 28, 2006, at which the defendant was present and represented by Michael Lahammer. The government was represented by Assistant United States Attorney C.J. Williams. The government's motion for detention is granted.

The defendant is charged in a criminal complaint with possessing crack cocaine on February 23, 2006, with intent to distribute it. On that day, police officers approached a red Chevrolet Tahoe in which the defendant was the driver and a Willie Jones, Jr. was the passenger. The two were smoking marijuana and at least one of the officers observed a marijuana "blunt" in the car's ashtray.

Once inside the car, police observed that the driver's side panel of controls for electric windows and other items was ajar. When they pulled back the panel, police found a loaded .45 caliber handgun, eleven baggies containing 6.3 grams of heroin, three baggies of marijuana, and three baggies of crack cocaine weighing 9.7 grams. In the passenger side cavity, the police found two baggies containing a 140-gram chunk of crack cocaine and two chunks of heroin weighing 10.4 grams.

1

Police interviewed the registered owner of the car. She indicated that the defendant had purchased the car and had placed it in her name because of his problems registering vehicles. A defense witness credibly testified that others had access to that vehicle.

The defendant was convicted of a felony marijuana offense in 1996. While on a two-year term of probation, the defendant was arrested for an ultimately convicted of unlawful possession of a weapon by a felon. Two witness cooperating with the government have incriminated this defendant and accused him of substantial heroin trafficking since the hear 2000.

The defendant does not work. He is itinerant in that he stays at a number of addresses in Cedar Rapids and lives with his aunt in Chicago. The defendant has four children by two mothers and claims to see them frequently.

## CONCLUSIONS OF LAW

Pursuant to Title 18, United States Code § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community in deciding whether to grant the government's motion for detention. Detention can be based on a showing either of dangerousness or risk of flight, both are not required. United States v. Fortna, 769 F.2d 243 (5th Cir. 1985). The standard is "reasonable assurance;" the court cannot order the detention because there are no conditions which would guarantee appearance and safety. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). The grounds relied upon by a judicial officer to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person or the community must be supported by clear and convincing evidence. However, the burden of proof on the issue of risk of flight is by a preponderance of the evidence. United States v. Orta, supra.

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other

2

person and the community, take into account the available information concerning -- (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including -- (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  18 U.S.C. § 3142(g).

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  18 U.S.C. § 3142(e).  This rebuttable presumption arises only if the defendant is charged in at least one count subject to these penalties.  United States v. Chimurenga, 760 F.2d 400 (2d Cir. 1985).

The rebuttable presumption of § 3142(e) creates a burden of production upon the defendant, not a burden of persuasion.  The purpose of the rebuttable presumption is to shift the burden to the defendant to establish a basis for concluding that there are conditions of release sufficient to reasonably assure that the defendant will not engage in dangerous criminal activity pending trial.  United States v. Jessup, 757 F.2d 378, 381 (1st Cir. 1985).  Although most rebuttable presumptions found in the law disappear when any evidence is presented by the opponent of the presumption, the rebuttable presumption of § 3142(e) is not such a "bursting bubble."  United States v. Jessup, supra, at 383.  Thus,

3

in order to rebut the presumption, the defendant must produce some evidence; and the Magistrate Judge should still keep in mind the fact that Congress has found that certain drug offenders, as a general rule, pose special risks of flight. United States v. Jessup, supra, at 384. Although this court is unable to find any case from the Eighth Circuit Court of Appeals similarly construing the rebuttable presumption of § 3142(e), other circuits have adopted the rationale of Jessup. United States v. Martir, 782 F.2d 1141, 1144 (2d Cir. 1986); United States v. Diaz, 777 F.2d 1236, 1237 (7th Cir. 1985); United States v. Fortna, 769 F.2d 243, 251 (5th Cir. 1985); United States v. Hurtado, 779 F.2d 1467, 1470 (11th Cir. 1985); United States v. Alatisha, 768 F.2d 364, 371 (D.C. Cir. 1985).

In this case, the defendant faces a 20-year mandatory minimum period of incarceration if convicted on the charge in the complaint. He is accused of firearm and drug offenses and has been convicted for carrying a firearm while on probation for a drug offense in the past. The defendant does not have substantial residential, employment, education, or other ties that legitimately occupy his days.

The court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence and the rebuttable presumption of § 3142(e), the court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community upon the defendant's release. The court finds by a preponderance of the evidence that the release of the defendant would pose a serious risk of flight. The defendant was advised in open court of his right to a prompt resolution of any appeal of this order.

Upon the foregoing,

IT IS ORDERED

1. That the defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford the defendant reasonable opportunity for private consultation with counsel while detained.

February 28, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT